The next case on our call of the docket is agenda number 19 1 1 0 0 6 6 Kareena Thompson individually at all. I believe versus Christine Gordon at all counsel Good morning counsel chief justice justices also may it please the court. I'm Linda spring I Get nervous as many times as I've been here I represent Jack Elish and CH 2m hill the civil engineers who agreed to design the replacement deck for the Grand Avenue bridge Bridge as you know is in Gurney. It crosses the I-94 tollway and the Replacement deck was in consideration to accommodate the Gurney Mills project that was going in at that time This case is about contractual duty We don't get to the issue of breach if there was no duty and the issue is what? Authority the tollway and then Western Development the developer of Gurney Mills that was going to pay for it what was the contractual duty that Hill undertook and We submit that the duty that Hill undertook was to design a replacement bridge deck in kind Not to change the geometry of the bridge not to consider other ways that the bridge might theoretically be substantially safer if it had a much larger design, but to design a replacement deck and the trial court answered that question correctly the trial court concluded that the contract required a Replacement deck no change in the geometry the trial court said that an expert's opinion as to the as To what else? Hill might have considered isn't relevant isn't admissible isn't part of the consideration because the contract Defines the duties as a question of law and the appellate court agreed that the interpretation of Contractual duty is a question of law But then the appellate court said there is a factual question as to when third defendants owed a duty to investigate an improved barrier having said that the contract defined the duty and not finding the duty to Consider an improved barrier within the contract the appellate court said well Then there's a question of fact as to that duty because the plaintiffs expert says so and we believe that is where the appellate court opinion goes astray Duty is not a question of fact and The appellate decision errs when it blurs the distinction between duty and breach like that Contractual duty is not a question of fact That's not the law in Illinois, and it shouldn't be the law in Illinois jurors should not be debating about What the parties to a contract intended the parties put the intent in the contract and remember? This is not a debate between the parties to the contract It's not one party to the contract saying this was your duty and the other party to the contract saying this wasn't my duty The parties to the contract Understood the duties they were clear on the duties. They believed that the duties were satisfied This is a third party to the contract coming in years and years after the contract was executed Completed paid for bridge was finished Saying that somehow there was a different duty that these parties didn't consider Perhaps there is an issue with the owners that they should have put some other duty in the contract But we are not at that issue. We're looking at what was the duty in this contract and If contractual duty now becomes a question of fact rather than law It will inject great uncertainty into all engineering contracts all service contracts in the state of Illinois Insurance costs will rise construction costs will rise design costs will rise because no longer will the parties be confident that the duties that they undertook and the contract that they sign will in fact limit and Constrain their responsibilities their liabilities down the line In this case the parties were definitely clear on their contractual duties They negotiated for years before they signed this contract the record reflects that he'll actually propose Initially an entirely separate bridge that would fly over the tollway It was called a flyover bridge would fly over the tollway and just serve the Gurney Mills project the owners rejected that what does the standard of care clause The standard of care clause in this contract means that the that hill would perform its design duties Within the standard of care. So first you look at what the duty is that he'll undertook which is to replace the deck and then what did they do that design within the standard of care, so If they had designed substandard concrete or concrete that was too thin or as part of that contract They were to also design a cantilever sign And if they had designed that sign in such a way that it fell down That would be a deviation from the standard of care within the design project that it undertook But as this court set in for follow-up on Justice Garmon's question, are you saying that the standard of care clause Expands the defendants duties. No, your honor. It's just saying how You're just saying how defendants must act not what they must perform correct the contract defines the duty and Then you look at that duty and the standard of care clause says perform that duty within the standard of care Generate a design Consistent with your duty that meets the standard of care not some new expanded duty He'll also had proposed widening the gurney the Grand Avenue Bridge and the owners rejected that Proposal they put it in as a possible second phase after this first phase the second phase was never undertaken The owners after a good deal of consideration and the record has several hundred pages of Hill's proposal and all of the studies that went into it and the highway studies that went into this Consideration of what was going to be done with this bridge and this interchange Ultimately the owners decided that they wanted Hill to do two things Redesign the western ramps which were the side where the mill where the gurney mills project is redesign those ramps which Hill did designed ramps that had Went from they had been one lane ramps They went to two lane ramps merging to one lane ramps in that project He'll had to consider the barriers that were there in existence and whether new barriers should be applied That's called a barrier warrant analysis. There's 30 40 pages of engineering studies Regarding the barrier warrant analysis that Hill performed for the western ramps that were being entirely reconstructed so that was the first part of the contract and That was an improvement to the existing Ramps they were to be different so that they could accommodate more traffic at once mostly leaving the mill The second thing that Hill agreed to do was to replace design a replacement bridge deck and a cantilevered sign And that was because the current bridge which had been constructed in 1958 that deck was In very poor condition Not that it was Unsafe and needed crossover barrier protection not that it should have been wider not that it should have been entirely replaced But the deck was in poor condition miss spring I have I have to read you a portion of this appellate court decision Which I think at least at this point is contrary as to how you identify their decision So tell me where I'm going wrong. It's it's a little lengthy, but I think I think it's important Okay, because it's I think it's basically contrary to what you said The appellate court says thus based on the plain language of defendants contract We conclude that they like labored under a duty To submit plans to replace the bridge deck as it existed prior to the construction project of which dependents were a part But they also owed a duty to perform the contractual contractual task using the degree of skill and Diligence normally employed by professional engineers, and that's in fact. That's already been addressed by a couple questions Having determined as a matter of law not fact a matter of law what duty the contract imposed on defendants Our next question becomes whether plaintiff was has presented any evidence to support her claim that Defendants breached their duty We conclude that she has in the form of ramishes affidavit Indicating that an engineer acting within the standard of care While creating plans to replace the bridge deck would have considered and designed and improved median barrier last paragraph Defendants argue that we may not consider that ramishes Affidavit to help determine the scope of defendants duty or whether they may have breached it because in or under Illinois law in the absence of ambiguity Contractive interpretation is a question of law for which expert testimony would not be appropriate However, we interpret the contract independent of the ramish affidavit from the contracts language alone We determine that defendants owed a duty to quote use the degree of skill and diligence normally employed by professional Engineers and of quote when they decide the bridge design the bridge deck replacement after determining the contract to determine that an imposed on Defendants a duty to replace the bridge deck by using the degree of skill and diligence normally employed by professional engineers We move to the next question whether defendants actions breach the standard of care It's when we answer the next question the breach that the ramishes affidavit becomes important now by reading that I don't Mean to suggest that you may be right or wrong with respect to whether or not there is a duty and a breach of duty But I believe the first portion of your argument is that they confused Duty and breach and that seems pretty and used Ramesh's affidavit to support the duty analysis seems pretty clear that they found that to be There a legal duty under the clause already discussed and only went on to breach a duty as to that clause when they referred to ramishes affidavit your response I I Acknowledged that what you've read is an accurate statement of the appellate court opinion And that is what the appellate court said it was doing. I think that it did not do that I think that when it looks at the Ramesh affidavit It essentially reopens the question of duty and the part that I quoted which of course Had marked the part that I quoted is actually there they do go on to say That There is a factual question as to whether defendants owed a duty to investigate and improve barrier so they use Ramesh's affidavit not simply To talk. What page of the appellate? If you have it I had it I did have it the The dissent quote said The dissent states Well, there it is it is in the supplemental opinion on denial of rehearing it is at 558 It's at the bottom of the first column as we stated repeatedly We hold that there is at least a factual question as to whether defendants owed a duty to investigate and improve medium barrier Holding that there is a question of fact as to whether they was a duty to investigate falls short of Even holding that there was a duty to investigate but they are finding that there is a question of fact about the duty I'm reading at the bottom of the first column which is on That's at 558 it's for the top of 558 so although they said Repeatedly and at length We're considering duty contractual duty to be a matter of law and we're looking at Ramesh's Affidavit to consider whether they duty was carried out correctly they also say that there is a factual question as to the duty and That I believe is a mistake Because there's nothing in the contract that talks about barrier warrants The plaintiff says that the contract refers to the AASHTO standards for barriers the AASHTO standards Which are attached to Ramesh's affidavit don't talk about barriers on bridges The As I said the the bridge required the deck required replacement there were areas of delamination The concrete surface had been patched The record says that there was a horrendous number of partial depth patch areas And that's why the deck had to be replaced, but there was no consideration that the bridge had to be changed substantially Also, are there drawings? submitted with the contract And wouldn't both parties have to agree that the drawings Would be what the the contractor would to do is to do There they're understanding what the barrier would look like I mean how would both parties agree there I Answer the question this way there were some drawings Submitted with the contract, but of course it was Hill's obligation to Draw the final drawings for a building that was mostly what Hill was retained to do as a civil engineer to prepare the drawings, so When the contract was signed of course those drawings Hill's detailed drawings did not yet exist and You're right. There are no drawings that show what this barrier should look like except What Ramesh thinks that they should look like but my point is is that the? at the point of the contract and the agreement of the contract being fulfilled was there a question of whether or not there was a Difference of opinion on what the barrier would look like or that the Your client did it improperly No at the point that the contract was signed There was no discussion or consideration that there was going to be a barrier in the bridge the bridge contains a median Concrete meeting about four feet 14 feet wide and about six feet tall tall concrete raised item But there is no discussion in the contract that there were going to be Substantial several feet high several feet wide Jersey barriers running down the middle of the current of the bridge and as Ramesh says extending well beyond The limits of the bridge and past the ramps to Dilley's Road Intersection on the east and to the mall entrance on the west There's no discussion of that at all Your client did submit other possibilities of flybridge and other kinds of things yes They did And and there are sketches drawings not the full engineering drawings, but drawings of what was intended in those proposals yes, there are Does that answer your questions, okay? So the scope of the work was clear under the contract and he'll design the two ramps merging down to two lanes merging down to one lane and And there was no ambiguity the parties did not find any ambiguity the appellate courts decision would require Hill to have expended Substantial funds the kind of funds that are recommend represented by the barrier warrants analysis for the western ramps that kind of money to determine What should the barrier look like is it safer with a barrier than without is the bridge wide enough to accommodate the barrier plus the space that you need because Cars tend to shy away from the barrier What will we do at the ends of the barrier where there's an intersection of another road is the bridge strong enough to? support this the this concrete none of bill would not have been paid for any of those considerations and Ramesh doesn't say that the bridge was unreasonably dangerous without it Ramesh says Hill was required to consider these Aspects free as a volunteer and draw up proposals free as a volunteer and submit them to the owners and Then of course I'm looking at the question If he'll had done that and the owners had declined it as they declined the other two proposals He'll would then have submitted the very same proposal that is here now and that Ramesh now says deviates from the standard of care I see that my time is almost up. I Did define the scope of the duty That the duty did not include any consideration of a barrier warrant or barrier warrant analysis or barriers No expert testimony can be used to create that question of fact the contract to find what an interchange improvement is a roadway improvement the contract is not just Describe the roadway improvement of the two of the lanes that were going to be improved the roadway improvement The ramps that were going to be improved on the western part of the bridge that's part a of the contract as to part B of the contract it said a Replacement deck did not use the word improvement for the deck. Thank I ask this court Certainly let me ask you one quick one. I mean I went through the supplemental opinion again. You're right I mean it there are some questions. I have for opposing counsel as to You know confusing the issue obviously you know we we can certainly take a look at that clause separate and apart from any back question or indication of the whether the experts analysis of duty has anything to do with this or not and I suppose when you come back up Maybe spend a little more time on why that clause doesn't create a duty, but I just wanted to say I did find What you were saying in the supplemental and it is somewhat conflicting Why the standard of care clause doesn't create additional duty right all right, and I would ask this court to affirm the trial court's order Thank you May please the court my name is Matt Williams. I represent Corrine Thompson in the spring Corrine Thompson is independent administrator of the estate for her deceased husband and child who died as a result of this accident The issue for the court to consider in this case is the scope of the duty owed by the defendant engineer pursuant to this contract I don't think there's any dispute that the engineer owed a duty the question is what is the scope of that duty? And the engineer was hired by the owner of this Development they were developing gurney mills and the owner Department of Transportation Anticipated that there be a significant increase in the traffic burden in this area and in particular on the I-94 Grand Avenue interchange as in so the only Department of Transportation mandated that the owner developer design improvements to this interchange to deal with this increased traffic burden the council on the The architects did submit Recommendations for different kinds of things like the flybridge and all of it didn't agree With those things and decided really they were only going to replace replace the deck and so perhaps It's not with the architect that you might have a problem with but it would be with IDOT Making it happen. Well, your honor. I believe there is a question of fact as to whether or not that's actually the case I think the the scope of the engineers duty in this case You have to look at the contract and the scope of the duty in this case is clear that Article 1 it talks about scope of services and it refers to attachment a of the contract so we have to look to attachment a of the contract and Attachment a of the contract has specific language within Attachment a that suggests that the scope of the duty includes excuse me includes Improvements to this interchange I mean, that's the whole point of why I dot wanted an engineer or the developer to look very carefully at this interchange To make sure it was safe for the public. Are you asking us? Mr. Williams to rely upon the expert affidavit and Determining the scope of this duty. No. All right, so Would you agree after that? lengthy Reading of the appellate court opinion and looking at the supplemental opinion The analysis of the appellate court is not very helpful in this case to us I think didn't didn't they talk out of both sides of their mouth? I I think that there was some confusion with respect to how the appellate court articulated the duty However, I think the denial of summary judgment motion in this case is the correct decision Because the scope of the duty according to the contract it's very clear And let me just identify in the contract where it talks about this. It's an attachment a and it says project description It says scope of services for final design services for stage a I 94 Grand Avenue interchange improvements And so it tells you in the contract what the scope of the designer services are and that's to improve this interchange Well, and then is this separate from the bridge? No, that's that's that the bridge the median barrier Which is a component of the bridge deck, which is part of this interchange So what it is, it's I 94 and Grand Avenue are meeting here. There's all kinds of traffic That's going to happen because they're they're building this mega mall This is the way that the the interchange is configured before the development of the mall I got thinks is unsafe so they tell the developer you got to make this safe the developer hires the engineer and the engineer is charged with designing a Improvement to this interchange and part of that responsibility includes roadway design and Structural design. Okay, both are part of this interchange. It's a very important point and The roadway design they talk about improvements related to the roadway design and then when you get to the structural design, which is the bridge deck it talks about replacing the bridge deck and Replacement can have different meanings you can replace something the way it is or you can replace it by improving it with something different That's more tailored to the situation that we have here, which is the increased traffic. There's no the the it's implied The improvement is implied is to the bridge It's really stated in here because the improvement is to the interchange the interchange Includes includes the bridge deck. I don't think there's any dispute about that. So the improvement is to this interchange the interchanges is Where they're concerned about traffic weaving in and out increased what's called traffic conflicts increasing the potential for Collisions if you have a Jersey barrier at this interchange What happens is the barrier is you know? Three feet off the ground instead of eight inches off the ground like the barrier was in this case and the project manager for engine The engineering company even admitted that a barrier eight inches off the ground can cause vehicles the vault Which is exactly what happened in this case Where is it rather than the evidence of the engineer the fact-based issue going back the language of the contract, right? You're correct. It begins by saying phase one interchange improvements, and then it goes along It says a roadway design final design Plan for the preparation of phase one proposed roadway improvements are described below Redesign the lanes for that brought provide a lane drop improve alignment proposed improvements for the widening be Final structural design plans will be provided for deck replacement So under a we have the word improvement redesign Additional elements all through a in B. Which is what we're talking about here. The only thing that said there is provide deck replacement Am I correct in the reading that absolutely absolutely, but you're you're suggesting. We should read a and B both to be Understanding of the parties that the engineer was to do more than design plans for replacement be also included at a contract to Suggest improvements and redesign is that what you're suggesting it means there certainly is Authority within the contract to support that conclusion Let me explain to you why if you look at the project description portion of the contract it talks about the scope of services And the scope of services, and there's a few other things listed there But the scope of services for final design services related to interchange improvements, so they're defining the scope of services as Design improvement if you go to the roadway design and structural design it talks about final Structural design plans, and I think a reasonable interpretation of this Provision is it comes underneath the umbrella of the scope of services which is to improve? The interchange and by using the word replacement I think that that could mean either you replace it the way it was if that if that Advances the interest of improving the interchange, but what we compare it to the more detailed statement in the roadway design section redesign improve propose improvements specifically the contract Requires the engineer in terms of the roadway the other pieces of the project Improve redesign suggest improvements, and then be very specifically replace Don't we have to draw something from the fact that those those verbs are used Improvement in one section replacing the other well. I think I think that it creates an ambiguity number one I think that there is a reasonable and alternative interpretation one of which I think you are articulating is that the use of improvement in roadway design a roadway design a Suggests something different than the word replacement, so it's ambiguous. I think it is. I think it is ambiguous I think it can be interpreted two different ways and Because of the conflict between the use of replacement when you're talking about improving the overall interchange and keep in mind The the these the purpose of hiring this engineer is to make sure that this interchanges is safe I mean, that's why I doubt wanted to get that done And so you can you can do that by replacing the bridge deck the way it was if that is the case But there's a there. There's a problem with that is it doesn't it doesn't improve it. It makes it more dangerous And in just with respect to the ambiguity Argument the law is clear is if there's an ambiguity in the contract Then the court can consider parole evidence to determine whether or not The whether or not what the intent of the parties Was really under the contract and then that is becomes a question of fact for the jury to decide and so if a contract is susceptible to more than one interpretation does I think want some of the language that the courts used in the past to determine if there's in an ambiguity then it becomes a Issue where parole evidence can be used it becomes a question of fact and it goes to the jury We're outside of the fact that There is a dispute as to between you and miss spring as to whether or not there is a duty under this contract I mean these other things that we've spent some time talking about are of no consequence you you do you do not You agree that an expert? It's not proper for an expert to render an opinion as to whether or not there's a duty That's a question of law for the court to determine right absolutely all right so when the appellate court went far afield That's not an issue in this case the expert is from your analysis is out of the equation altogether You're perfectly satisfied with you know look at the contract And and we believe that reasonably under the interpretation of this contract would create a duty That's the only issue we have before us well I I would agree with the conclusion that an expert can't create a duty Okay, that there's no question that that's that's accurate statement of law But I think what the appellate court's decision was that the appellate court looked at the scope of the engineers Responsibilities under this contract they looked at the the provision which talked about this engineer using the degree of skill and diligence Employed by a similar contract and they determined that Since the scope of the contract overall include improving this interchange There was an issue as to whether or not that responsibility included the Consideration and recommendation of the Jersey barrier so your position would be that the affidavit of the expert At most really creates a question of fact as to whether that duty was breached that it falls under the contract Correct where you're at correct correct? Yeah I don't think it would be fair to the defendants and it would be I think a misapplication of the law To suggest that any expert can create any kind of duty that is outside the bounds of the contract And I don't believe that's the law and into the extent that the appellate court suggested that You know I can't comment that I think it may have been Unintentional, but I think ultimately their conclusion is accurate in the accurate in the sense That when you consider the scope of the duty, which is to redesign this interchange to improve it But if we're only looking at part B at replacement, and what does that mean we don't we use the ordinary meaning of the word replacement No, because I think any word within a contract has to be looked at within the context of the contract And I think there's been case law that says Words derive their meaning from their context and I think that when you talk about the word Replacement within the context of this contract it can be either Replacing price points out in part a Very specific words about improvement redesign and things like that take place and and in that context the contract is very clear And in part B. It just says replace. It doesn't say improve Redesign or any of that that's true. That's true, and I think why is that ambiguous for us to go to external? Affidavit because the scope of the engineers duties in this case was to consider improvements to this interchange and within the consideration for these improvements is the responsibility to Replace this bridge deck and so that the engineer is responsible for replacing this bridge deck Yeah, so so part and parcel of that responsibility is to do it as a skilled and diligent contractor would under the same similar circumstances and the Affidavit of our expert says it's that that the there creates a question of fact as to whether or not they complied with that duty Are you saying that? Saying replace Encompasses with it the obligation of the engineer to improve If the circumstances warranted yes, what do you mean by that? Well if if based upon a What a reasonably careful engineer would do in the same or similar circumstances in in in evaluating the? design of the entire Structure if it required it to be replaced by improving it absolutely absolutely The word replace. I don't think it should be looked at in terms of just replacing it in kind It doesn't say that in the contract, but rather the word replaced is used in in in under the scope of services provision which includes the importance of Improving this interchange are we in the area are you getting close to the area of hunt the last yes? where the contract says one thing but an engineer looking at the design the contract should Identify that it's unreasonably dangerous, and they're short therefore has a duty to do something beyond the contract. Yeah, I think that there's some differences between hunt and This case, but I think hunt Provides for the plaintiff sort of its last Argument so if you find that the replacement doesn't mean improve if you find that there's no ambiguity to create a question of fact hunt then gives the plaintiff the opportunity to argue that even if a Contractor is following specific plans pursuant to the contract They still have a duty if those plans, and I think the language is is so apparently defective that no competent Contractor would follow and there's similar language in the Billman case And so I think under hunt and under Billman The summary judgment motion should still be denied because there's evidence in this case and in the affidavit that no reasonable Competent contractor would build this bridge When it is apparent that it's defective now the hunt the hunt case the contractor was just following the Specifications of the state Which is very different from our case where the contractor or the engineer is the one that's being hired to actually do the designs There there were no IDOT standards in our case whereas the contractor in hunt was just following those standards by the state So I think it I think that there's really three separate and Separate and distinct arguments in support of a denial of the summary judgment motion number one would be that The engineer had a duty to improve this bridge deck and by replacing it He had to do he had a responsibility to consider improvements that needed to be done number two There's an ambiguity in this contract as to whether or not Replacement means replacing kind or whether or not it means replace With an alternative structure and if there's an ambiguity creates a question of fact and it goes to the jury number three if you if you disregard those or disagree with those three arguments number three would be that under hunt and Billman that there's an exception to that general rule where the Have it written down, but it's where the design Read the language In Billman it was where the plans are so apparently defective that an ordinary builder of ordinary prudence would be put on notice That the work was dangerous dangerous and likely to cause injury. That was a language in Billman and I Articulated the language in hunt if the court confirms a denial of summary judgment motion in this case. I think it's Suggesting that an engineer who's responsible for designing plans to improve this roadway can Implement a design that it knows or should know is unsafe and I don't think that's the law and I think there's there's there's authority within the contract to find that there's a question of fact as to whether or not the Engineer in this case complied with his duty under the contract Thank you, thank you, mr. Williams So Why doesn't the standard of care create a duty Because the standard of care, that's the question that I was asked to look at more and more deeply because of this court's decision in forensic to start with Forensics says that the standard of care clause does not expand the duty the standard of care That was looked at in forensic was the common law and it says engineers must exercise the degree of care and skill ordinarily required of other civil engineers in the community that's the The common law standard of care clause that was applied in forensic because there wasn't a written contract with that clause Standard of care clause in this Contract says the engineer must exercise the degree of skill and diligence normally employed by professional engineers Performing the same or similar services. It's the same standard of care Williams talked about where the hunt and Bellman said there's a Duty, you know if it becomes more dangerous or it's apparently defective or dangerous. How does that enter into your analysis? I think if the danger is obvious Then I think that the engineer has a duty to comment upon that the danger is obvious if there's a light pole in the middle of the Traffic lanes and the owner wants it to stay there. I think the engineer has a duty to talk about that but even Ramesh doesn't say that this was an obvious danger Ramesh says failed to consider and analyze the data failed to consider crossover protection failed to submit for consideration possible crossover consideration Protection Ramesh never says it is obvious that these barriers are needed. There's a long set of studies that he's would require He'll to undertake that are very expensive and time-consuming They contain information that he'll did not have contrary to what the plaintiff said There is no evidence in this record at all that this intersection was dangerous and that it needed improvement because it was going to be dangerous the concern that is replete throughout the record is that Traffic would be slowing down substantially because there would be a lot more traffic and we needed to do something to manage the additional traffic he'll proposed to other designs to handle the additional traffic that the owner rejected and The additional traffic was going to be handled with the ramps There isn't anything in the record that says it was dangerous and somebody should look at why it was dangerous that there were so many Accidents and that there were going to be a lot more accidents. That's not in this record and Ramesh doesn't say that this was obvious To the question of ambiguity. First of all, there's not a case. The plaintiff has cited Where some third party? 12 20 years later gets to say that the contract was ambiguous when the parties to the contract did not find it ambiguous Hill was paid He'll prepare his design he was paid the bridge was built of the replacement deck was put on and the parties didn't consider it to be ambiguous at all and if we consider that we need some Parole evidence the parole evidence that would be admissible to the intent of the parties is not Ramesh's affidavit It is the statement of the contracting parties and you have the project managers testimony, which? Mr. Soon must have said 15 times if not more The contract required a replacement. It did not require a redesign. It did not require a change in the geometry. I Think my time is up there's Any lights on? Are there any other questions? If not I would ask this court to affirm the trial courts entry of summary judgment in favor of the defendants and to reverse the appellate court Thank you Thank You miss spring a case number one 1-1-0-0-6-6 Thompson versus Christine Gordon and Jack Leish an associate